IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. MATHIS, | ) |
| | ) Civil Action No. 11 – 450 |
| Plaintiff, | ) |
| | ) District Judge Nora Barry Fischer |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| JENNIFER MONZA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This case is before the Court on the Report and Recommendation filed by Chief Magistrate Judge Lisa Pupo Lenihan on February 8, 2013. (ECF No. 71.) The Magistrate Judge recommended that Plaintiff's Partial Motion for Summary Judgment (ECF No. 38) be denied and that Defendants' Motion for Summary Judgment (ECF No. 40) be granted. The parties were served with the Report and Recommendation and informed that they had until February 25, 2013, to file written objections. Plaintiff filed Objections to the Report and Recommendation on February 25, 2013. (ECF No. 72.) Defendants filed a Response to Plaintiff's Objections on March 11, 2013. (ECF No. 73.) For the reasons explained herein, Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge and will therefore be overruled.

**A.      Objection to equal protection claim regarding other escapees.**

Plaintiff's first objection is that the Magistrate Judge misconstrued his equal protection claim in Count Six. The Magistrate Judge stated, "Plaintiff contends that Defendants violated his right to equal protection by keeping him in the RHU on administrative custody while placing

1

inmate Joel Perez, a convicted escapee, in general population." (ECF No. 71 at 11.) In his Objections, Plaintiff contends that this was not his claim. Instead, he contends that Defendants violated his right to equal protection by placing him in the RHU on administrative custody as an escape risk "while simultaneously placing known, documented and convicted escapees in general population." (ECF No. 72 at 1.) While Plaintiff is correct that this was what he set forth in his Amended Complaint, he nevertheless identified only one individual at the Beaver County Jail who was convicted of escape and then subsequently placed in the general population. (ECF No. 17 at 3, 7.) Defendants identified this individual by the name of Joel Perez and Plaintiff did not and does not now dispute the identification.[1] No other individuals were identified by Plaintiff and the Magistrate Judge concluded that Joel Perez was not a valid comparator for several reasons. Nevertheless, this is a moot point because the Magistrate Judge also concluded that even if Plaintiff were able to identify a valid comparator, his equal protection claim failed on other grounds for which Plaintiff now fails to acknowledge in his Objections. Specifically, there was nothing in the record to suggest that Plaintiff was treated differently due to intentional or purposeful discrimination or that his placement in the RHU was not related to legitimate penological interests, elements necessary to demonstrate an equal protection violation in the prison setting. *See* Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005); Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985). The record is clear that Plaintiff was held in the RHU on administrative custody because the federal officials for whom the Beaver County Jail was

---

[1] In fact, Plaintiff's second objection to the Report and Recommendation is that Joel Perez is a valid comparator. This objection will not be addressed because whether Joel Perez was a valid comparator is of no significance given that Plaintiff is unable to show intentional or purposeful discrimination or that his placement in the RHU was not related to legitimate penological interests. Moreover, Plaintiff's argument that Perez was a valid comparator because they had both been charged with "robbery" is baseless. Plaintiff was charged with bank robbery, a federal offense which carries a lengthy sentence, while Perez was convicted of a single count of theft from a motor vehicle and was sentenced to between three and twenty-three months in jail. (ECF No. 48-3.)

holding him designated him an escape risk.  The record is also clear that Plaintiff was informed on numerous occasions that he would be moved from the RHU if he cleared his status with the U.S. Marshals.  For these reasons alone, Defendants are entitled to summary judgment on this claim.

**B.    Objection to equal protection claim regarding male and female RHU inmates.**

Plaintiff's next objection is that the Magistrate Judge erred in her analysis on his equal protection claim in Counts Four and Five regarding disparate treatment between male and female RHU inmates.  In this claim, Plaintiff alleged that female RHU inmates received better treatment than male RHU inmates such as hot meals, the opportunity to watch television, full commissary privileges, and access to books on the leisure library reading cart.  In support of this, he relied on evidence, by way of affidavit, of an alleged conversation he overheard between two correctional officers and an alleged conversation he had with an unidentified inmate commissary worker.  The Magistrate Judge concluded that his proffered evidence was inadmissible hearsay that could not be considered at summary judgment.  Plaintiff objects to this conclusion.

**1.    Conversations**

In support of his claim of disparate treatment, Plaintiff submitted an affidavit wherein he relied on a conversation he overheard between a female correctional officer and a male correctional officer where one of the officers allegedly stated that female RHU inmates received better treatment than their male counterparts; such as, hot meals three times a day, television access, regular commissary privileges, and access to books on the leisure library cart.  He also relied on a conversation he had with an inmate commissary worker who allegedly confirmed the disparate treatment in commissary benefits between male and female RHU inmates.  In concluding that this evidence was inadmissible, the Magistrate Judge stated:

3

> In general, hearsay evidence is not admissible and may not be considered at summary judgment. In this circuit, however, hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present the evidence in a form that would be admissible at trial. *See* Shelton v. Univ. of Med. & Dentistry, 223 F.3d 220, 223 n.2 (3d Cir. 2000); J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990). Plaintiff maintains that the correctional officer's statement regarding the disparate treatment of male and female RHU inmates is a non-hearsay admission by a party opponent made by the party's agent or employee under Federal Rule of Evidence 801(d)(2)(D). For Rule 801(d)(2)(D) to apply, the statement must concern matters within the scope of the declarant's agency or employment. United States v. Riley, 621 F.3d 312, 338 (3d Cir. 2010). While Plaintiff could argue that the statement made by the correctional officer could fall under this exclusion to the hearsay rule, it is fatal to Plaintiff's argument that he cannot affirmatively identify either of the two correctional officers. Without knowing the identity of the alleged employees, Plaintiff cannot establish that the statement was made within the scope of their employment. *See* Hughey v. The Home Depot USA, Inc., No. 08-03213, 2009 U.S. Dist. LEXIS 63737, at *3 (E.D. Pa. July 23, 2009); Carden v. Westinghouse Electric Corp., 850 F.2d 996, 1002 (3d Cir. 1988) (finding double hearsay declaration inadmissible as an admission of a party opponent because the original declarant was unknown. "[B]ecause [the declarants] are unidentified, the record could not, and does not, establish that [the statement] was within the scope of their employment."); U.S. v. Cruz, 910 F.2d 1072, 1081 n.10 (3d Cir. 1990) (without knowing the identity of a declarant, "the indicia of reliability embodied in the Fed. R. Evid. Rule 801(d)(2)(D) non-hearsay definition were absent, and the statement had to be excluded"); Zaken v. Boerer, 964 F.2d 1319, 1324 (3d Cir. 1992) ("[W]ithout identification of the declarant, the statement . . . did not have a sufficient evidentiary foundation to establish the existence of an agency relationship as required under Rule 801(d)(2)(D)"). Thus, because the correctional officer's statement does not qualify as an admission by a party opponent, or another exclusion or exception to the hearsay rule, it is inadmissible as an unreliable out-of-court statement. The same holds true with regard to the statement made by the unidentified inmate commissary worker.

(ECF No. 71 at 14-16.) Plaintiff argues that the Magistrate Judge erred because he did, in fact, identify the two correctional officers. The Court acknowledges that while Plaintiff did provide last names for these individuals, he speculated as to what they were and even provided alternative names for one of them. Nevertheless, even if Plaintiff had affirmatively identified the officers, the Court finds that the alleged statements do not qualify as admissions by a party-

4

opponent's agent pursuant to Federal Rule of Evidence 801(d)(2)(D) and are thus inadmissible hearsay.

Federal Rule of Evidence 801(d)(2)(D) provides that a statement is not hearsay if it is offered against an opposing party and "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." However, an employer is not vicariously responsible for each statement made by its employees. In order for such a statement to be admissible, "it is necessary that the content of the declarant's statement concern the scope of her agency." Loncosky v. Wal-Mart Stores, Inc., 1997 U.S. Dist. LEXIS 18546, 1997 WL 732465, at *3 (E.D. Pa. 1997) (citing Hill v. Spiegel, Inc., 708 F.2d 233, 237 (6th Cir. 1983)). The appropriate focus is whether the speaker was in fact authorized to act for his or her employer concerning the matter about which the employee spoke. Id. (citing Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1566 (11th Cir. 1991)); *see also* Nichols v. Bennett Detective & Protective Agency, Inc., 245 F. App'x 224, 228 (3d Cir. 2007) (statements made by employee did not concern matters within the scope of employee's employment and were therefore inadmissible); Kraemer v. Franklin and Marshall College, 1995 U.S. Dist. LEXIS 17087, 1995 WL 681108, at *2 (E.D. Pa. 1995) (employee's statement not an admission since it was not made concerning a matter within the scope of his employment). Here, Plaintiff proffered no evidence that the two correctional officers were authorized to speak for their employer on the matters for which they allegedly spoke, *i.e.*, the disparity in treatment between the male and female RHU inmates. Indeed, the only information which Plaintiff provided was that he overheard the conversation while the two officers were distributing the evening meals. This is insufficient to establish that the statements are admissions by a party-opponent under Fed. R. Evid. 801(d)(2)(D).

Plaintiff also asserts that the Magistrate Judge erred in concluding that the statement by the unidentified inmate commissary worker, who corroborated the officers' statements regarding disparate treatment in commissary privileges, is also inadmissible hearsay. He contends that the inmate worker's statement was not offered to prove the truth of the matter asserted but instead to show that he performed an investigation into the matter before filing his complaint. While the Court believes that this argument is far-fetched, as it is clear that Plaintiff offered the evidence to prove the truth of the matter asserted, the Court agrees with Defendants in that whether Plaintiff conducted an investigation prior to filing his complaint is irrelevant. Accordingly, Plaintiff's objections to the Report regarding these alleged conversations will be overruled.

**2. Commissary policy**

Plaintiff also objects to the Magistrate Judge's conclusion that the jail's commissary policy does not support Plaintiff's claim of disparate treatment in commissary privileges. Plaintiff asserts that the version of the Beaver County Jail's Inmate Handbook that was in effect during his incarceration supports his position that female RHU inmates received full commissary benefits while male RHU inmates did not. Defendants provided a copy of the relevant portion of the Inmate Handbook dealing with commissary in response to Plaintiff's Motion to Compel dated September 28, 2012. (ECF No. 58-1.) Although Plaintiff strenuously argues that the commissary policy supports his position, it clearly does not and the Magistrate Judge thoroughly explained why in her Report and Recommendation. (ECF No. 71 at 16-17.) Plaintiff's objections do not undermine her recommendation. As such, they will be overruled.

**C.     Objection to First Amendment claim.**

Finally, Plaintiff objects to the Magistrate Judge's conclusion that Defendants should be granted summary judgment on his First Amendment claim regarding the restriction of leisure

reading materials for RHU inmates. He spends a great portion of his objections distinguishing his case from Beard v. Banks, 548 U.S. 521 (2006),[2] a case cited and relied on by the Magistrate Judge to support her conclusion that the policy restricting leisure reading materials to RHU inmates in the Beaver County Jail is reasonable and related to legitimate penological interests in satisfaction of Turner v. Safley, 482 U.S. 78 (1987).[3] Plaintiff's objections on this ground do not undermine the Magistrate Judge's recommendation. Therefore, they will be overruled.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered.

AND NOW, this 14th day of March, 2013,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation dated February 8, 2013 (ECF No. 71), as it is modified and supplement herein, is **ADOPTED** as the opinion of the Court.

---

[2] In Beard, the Court held that a ban on allowance of reading materials for segregation inmates was reasonably related to the prison's legitimate penological interest of persuading inmates in disciplinary segregation to improve their conduct in order to receive additional privileges.

[3] The Turner Court stated that four factors must be evaluated to determine the constitutionality of a prison practice or regulation that deprives or restricts a prisoner's First Amendment right of access to newspapers and other non-religious, non-legal materials: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right to remain open to prison inmates; (3) what impact will accommodation of the asserted constitutional right . . . have on guards and other inmates, and on the allocation of prison resources generally; and (4) are ready alternatives for furthering the governmental interest available. Id. at 90-91.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of the Defendants and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

s/Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc: David L. Mathis
05233-068
FCI Herlong
P.O. Box 800
Herlong, CA 96113
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*